STATE, EX REL. BINDER ET, RELATORS, *v.* BOARD OF COUNTY COMMISSIONERS OF MAHONING COUNTY, RESPONDENTS.

Ohio Appeals, Seventh District, Mahoning County.

No. 4255.   Decided September 11, 1962.

*Mr. Samuel E. Karam,* for relators.
*Mr. Thomas A. Beil,* prosecuting attorney, and *Mr. Elwyn V. Jenkins,* assistant prosecuting attorney, for respondents.

*Per Curiam.*   Section 5901.11, Revised Code, provides that the Soldiers Relief Commission shall determine and certify to the County Commissioners the amount necessary for its purposes, not to exceed five-tenths of a mill per dollar on the assessed value of the property of the county.

This and related Sections of the Code make it the mandatory duty of the Commissioners to provide the sum certified for the uses of the Soldiers Relief Commission.

No question has been raised that the provisions of the

Statute were not followed in a regular way, and the evidence affirmatively shows that the Members of the Soldiers Relief Commission of Mahoning County did in a timely way determine the probable amount necessary for their purposes as required by law, and did in a proper manner certify the same to the County Commissioners.

The Court of Appeals of Hamilton County, in the identical case of *State, ex rel. William J. Toth et al,* v. *Board of County Commissioners of Hamilton County,* case number 9050 of that court, held that under such circumstances mandamus would issue to compel the Board of County Commissioners to provide the funds as certified.

The Supreme Court on the twentieth day of December, 1961, upon motion, refused to certify this matter. (Ohio Bar, December 25, 1961.)

It therefore appears that under the clear language of the statute and under the decision of the court of Appeals of Hamilton County in *State, ex rel. William J. Toth,* v. *Board of County Commissioners,* the petition for the writ of mandamus must be allowed, and the writ is ordered issued as prayed for.

The hardship which may be occasioned on the various county departments by reason of the mandatory nature of the law can not be eliminated by judicial act but only by legislative act.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.